1  James E. Doroshow (SBN 112920)
      jdoroshow@foxrothschild.com
2  Ashe P. Puri (SBN 297814)
      apuri@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
4  Los Angeles, CA 90067-1506
   Telephone:  310-598-4150
5  Facsimile:  310-556-9828

6  Attorneys for Plaintiff,
   PACIFIC LOCK COMPANY
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | PACIFIC LOCK COMPANY, | Case No.: _____ |
|----|----|----|
| 12 | Plaintiff, | Hon. Judge _____ |
| 13 | v. | **COMPLAINT FOR:** |
| 14 | THE EASTERN COMPANY d/b/a CCL SECURITY PRODUCTS, WORLD LOCK CO. LTD., DONGGUAN REEWORLD SECURITY PRODUCTS LTD., and DOES 1-10, inclusive, | **(1) DIRECT PATENT INFRINGEMENT** |
| 15 | | **(2) INDUCEMENT OF PATENT INFRINGEMENT** |
| 16 | | **(3) CONTRIBUTORY PATENT INFRINGEMENT** |
| 17 | Defendants. | **(4) UNFAIR COMPETITION** |
| 18 | | |
| 19 | | **[JURY TRIAL REQUESTED]** |

COMPLAINT

ACTIVE 26509785v5 08/13/2014

Plaintiff Pacific Lock Company (hereinafter, "Pacific Lock"), by and through its undersigned attorneys, hereby brings this Complaint against the following Defendants for the following causes of action:

(a)     The Eastern Company d/b/a CCL Security Products, World Lock Co. Ltd. and Dongguan Reeworld Security Products Ltd. for (1) direct patent infringement, (2) inducement of patent infringement, (3) contributory patent infringement and (4) unfair competition; and

(b)     Those Defendants sued herein under the fictitious names of Does 1-10 for direct patent infringement.

## THE PARTIES

1.      Pacific Lock is a California corporation with its principal place of business located at 25605 Hercules Street, Valencia, CA 91355.  Pacific Lock is engaged in the business of making, selling, and promoting physical security products including, without limitation, hidden shackle style locks, including in this judicial district and worldwide.

2.      Pacific Lock is informed and believes, and on that basis alleges, that The Eastern Company ("Eastern Company") is a Connecticut corporation with its principal place of business at 112 Bridge Street, Naugatuck, CT 06770.  Upon information and belief, Eastern Company is engaged in the business of making, selling, and promoting physical security products including, without limitation, hidden shackle style locks, including in this judicial district and worldwide.  Upon information and belief, Eastern Company also uses the trade name CCL Security Products in connection with making, selling, and/or promoting physical security products including, without limitation, hidden shackle style locks, including in this judicial district and worldwide at a business address located at 301 W. Hintz Road, Wheeling, IL 60090-5754.

3.      Pacific Lock is informed and believes, and on that basis alleges, that World Lock Co., Ltd. ("World Lock") is a subsidiary of Eastern Company and has a principal place of business at 3F, 580, Min Sheng N. Rd., Sec. 1 Gueishan Hsiang,

Taoyuan Hsien, Taiwan 333.  Upon information and belief, World Lock is engaged in the business of making, selling and/or promoting physical security products including, without limitation, hidden shackle style locks, including in this judicial district and worldwide.

4.      Pacific Lock is informed and believes, and on that basis alleges, that Dongguan Reeworld Security Products Ltd. ("Dongguan") is a subsidiary of Eastern Company and has a principal place of business at Products Limited Bldg. A4 No. 92, 188 Industrial Blvd. Pingshan Village Tangxia Town, Dongguan Guangdong, China. Upon information and belief, Dongguan is engaged in the business of making, selling, and/or promoting physical security products including, without limitation, hidden shackle style locks, including in this judicial district and worldwide.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Complaint includes claims for direct patent infringement, inducement of patent infringement and contributory patent infringement arising under 35 U.S.C. § 271 *et seq*.  This Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Complaint also includes a claim for unfair competition pursuant to California Business and Professions Code § 17200 *et seq*.  This Court has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b).  Upon information and belief, Eastern Company, World Lock, and Dongguan (hereinafter, collectively, the "Eastern Company Defendants") regularly conduct business in this judicial district and have committed substantial acts of patent infringement, including direct patent infringement, inducing patent infringement and contributory patent infringement, and other unlawful acts within this judicial district.

8.      Pacific Lock is ignorant of the true names and capacities of those Defendants sued herein under the fictitious names Does 1-10 (the "Doe Defendants").

Upon information and belief, the Doe Defendants have directly infringed the patent in-suit referenced below.  To date, Pacific Lock has been unable to identify the names of the Doe Defendants and, therefore, sues these Defendants at this time by their fictitious names at this time.  Pacific Lock will seek leave to amend this Complaint to allege their true names and capacities when ascertained.

## FACTUAL BACKGROUND

9.  Pacific Lock is the owner of all right, title, and interest in and to U.S. Patent 8,776,557, entitled "Hidden Shackle Lock With An Interchangeable Core," issued on July 15, 2014 ("'557 Patent").  The '557 Patent remains in full force and effect.  A true and correct copy of the '557 Patent is attached to this Complaint as Exhibit A and incorporated herein by this reference.

10.  The '557 Patent is directed generally to a hidden shackle style lock with an interchangeable core.  The '557 Patent includes claims that cover the hidden shackle style lock with an interchangeable core and a method of using the hidden shackle style lock with an interchangeable core.

11.  Upon information and belief, the Eastern Company Defendants make, use, sell, and/or offer for sale within the United States, import into the United States and/or sell for importation into the United States hidden shackle style locks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock.

12.  Upon information and belief, the Doe Defendants have purchased, and continue to purchase, hidden shackle style locks from the Eastern Company Defendants including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, for use in combination with interchangeable cores.

13.  The Eastern Company Defendants' hidden shackle style locks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, in combination with the interchangeable cores, infringe the '557 Patent.

///

///

# FIRST CAUSE OF ACTION
## DIRECT PATENT INFRINGEMENT
### (AGAINST THE EASTERN COMPANY DEFENDANTS)

14. Pacific Lock realleges paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. The Eastern Company Defendants have made and used in the United States hidden shackle style padlocks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, in combination with interchangeable cores without the consent, authority or license from Pacific Lock.

16. As a result of their conduct, the Eastern Company Defendants have directly infringed, and, unless restrained, will continue to directly infringe, one or more claims of the '557 Patent under 35 U.S.C. § 271(a).

17. As a direct and proximate result of the Eastern Company Defendants' direct patent infringement of the '557 Patent, Pacific Lock has suffered, and will continue to suffer, damages in an amount to be determined at trial.

18. Unless preliminarily and permanently enjoined, the Eastern Company Defendants will continue to engage in the aforementioned acts. Such continuing acts, unless enjoined, will cause irreparable damage to Pacific Lock, which has no adequate remedy at law.

# SECOND CAUSE OF ACTION
## DIRECT PATENT INFRINGEMENT
### (AGAINST DOES 1-10)

19. Pacific Lock realleges paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. The Doe Defendants have used, sold, and/or offered to sell in the United States, imported into the United States and/or sold for importation in the United States hidden shackle style padlocks purchased from the Eastern Company Defendants including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, in

combination with interchangeable cores without the consent, authority or license from Pacific Lock.

21. As a result of their conduct, the Doe Defendants have directly infringed, and, unless enjoined, will continue to directly infringe, one or more claims of the '557 Patent under 35 U.S.C. § 271(a).

22. As a direct and proximate result of the Doe Defendants' direct patent infringement of the '557 Patent, Pacific Lock has suffered, and will continue to suffer, damages in an amount to be determined at trial.

23. Unless preliminarily and permanently enjoined, the Doe Defendants will continue to engage in the aforementioned acts. Such continuing acts, unless enjoined, will cause irreparable damage to Pacific Lock, which has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## INDUCEMENT OF PATENT INFRINGEMENT

## (AGAINST THE EASTERN COMPANY DEFENDANTS)

24. Pacific Lock realleges paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Upon the filing of this Complaint, the Eastern Company Defendants will have actual knowledge of the '557 Patent as Pacific Lock will be informing the Eastern Company Defendants about the '557 Patent and this Complaint.

26. As of the date they acquire actual knowledge of the '557 Patent, the Eastern Company Defendants will be committing acts of induced infringement of the '557 Patent and have actively, knowingly and intentionally aided and abetted direct infringement of the '557 Patent by the Doe Defendants, to the extent the Eastern Company Defendants continue to manufacture and sell in the United States, import and/or sell for importation into the United States, its hidden shackle style padlocks, including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, with instructions, directions and advice regarding its infringing uses.

27. The Eastern Company Defendants' inducement of patent infringement will be without the consent of, authority of, or license from Pacific Lock

28. As a direct and proximate result of the Eastern Company Defendants' inducement of patent infringement, Pacific Lock will have suffered damages in an amount to be determined at trial.

29. Unless preliminarily and permanently enjoined, the Eastern Company Defendants will continue to engage in the aforementioned acts. Such continuing acts, unless enjoined, will cause irreparable damage to Pacific Lock, which has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## CONTRIBUTORY INFRINGEMENT
## (AGAINST THE EASTERN COMPANY DEFENDANTS)

30. Pacific Lock realleges paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Upon the filing of this Complaint, the Eastern Company Defendants will have actual knowledge of the '557 Patent as Pacific Lock will be informing the Eastern Company Defendants about the '557 Patent and this Complaint.

32. As of the date they acquire actual knowledge of the '557 Patent, the Eastern Company Defendants will have contributed to the infringement of the '557 Patent, to the extent the Eastern Company Defendants continue to make, sell or offer to sell within the United States, import into the United States, and/or sell for importation into the United States hidden shackle style padlocks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, that are used in products that practice the inventions of the '557 Patent.

33. The hidden shackle style locks sold, manufactured and used by the Eastern Company Defendants including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, are specially made or specially adapted for use in the

infringement of the '557 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses.

34. The Eastern Company Defendants's contributory infringement of the '557 Patent will be without the consent of, authority of, or license from Pacific Lock.

35. As a direct and proximate result of the Eastern Company Defendants' contributory infringement, Pacific Lock will have suffered damages and will continue to suffer damages in an amount to be determined at trial.

36. Unless preliminarily and permanently enjoined, the Eastern Company Defendants will continue to engage in the aforementioned acts. Such continuing acts, unless enjoined, will cause irreparable damage to Pacific Lock, which will have no adequate remedy at law.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST THE EASTERN COMPANY DEFENDANTS)

37. Pacific Lock realleges paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Upon information and belief, the Eastern Company Defendants have unfairly competed, and continue to unfairly compete, with Pacific Lock in violation of Cal. Bus. & Prof. Code § § 17200, *et seq.*, including by engaging in the unlawful and deceptive practice of marketing and selling hidden shackle style padlocks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, which they know violate and infringe the '557 Patent.

39. Upon information and belief, the Eastern Company Defendants, through their unlawful and deceptive marketing and sales practices, are attempting to induce potential customers to purchase their hidden shackle style padlocks, including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, by knowingly violating and infringing the '557 Patent.

40. The Eastern Company Defendants' unlawful and deceptive marketing and sales practices in selling hidden shackle style padlocks, including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, significantly threaten and unfairly harm competition with Pacific Lock.

41. As a direct and proximate result of the Eastern Company Defendants' unlawful and deceptive marketing and sales practices, Pacific Lock has suffered, and will continue to suffer, irreparable harm. Among other things, Pacific Lock's business has been damaged and will continue to be damaged through a loss of potential customers, and by suggesting that the Eastern Company Defendants and their products are licensed or otherwise approved or endorsed by Pacific Lock.

42. Pursuant to California Business and Professions Code § 17203, Pacific Lock is entitled to the disgorgement of the Eastern Company Defendants' unlawful profits.

43. Pursuant to California Business and Professions Code § 17203, the Eastern Company Defendants should also be enjoined from engaging in further acts and/or practices of unfair competition that result in further and/or continuing irreparable harm to Pacific Lock.

## SIXTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST DOES 1-10)

44. Pacific Lock realleges paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Upon information and belief, the Doe Defendants have unfairly competed, and continue to unfairly compete, with Pacific Lock in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, including by engaging in the unlawful and deceptive practice of marketing and selling hidden shackle style padlocks including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock.

///

46. Upon information and belief, the Doe Defendants, through their unlawful and deceptive marketing and sales practices, are attempting to induce potential customers to purchase their hidden shackle style padlocks, including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, by violating and infringing the '557 Patent.

47. The Doe Defendants' unlawful and deceptive marketing and sales practices in selling hidden shackle style padlocks, including, without limitation, the Sesamee® 930 Series Hidden Shackle Padlock, significantly threaten and unfairly harm competition with Pacific Lock.

48. As a direct and proximate result of the Doe Defendants' unlawful and deceptive marketing and sales practices, Pacific Lock has suffered, and will continue to suffer, irreparable harm. Among other things, Pacific Lock's business has been damaged and will continue to be damaged through a loss of potential customers, and by suggesting that the Doe Defendants and their products are licensed or otherwise approved or endorsed by Pacific Lock.

49. Pursuant to California Business and Professions Code § 17203, Pacific Lock is entitled to the disgorgement of the Doe Defendants' unlawful profits.

50. Pursuant to California Business and Professions Code § 17203, the Doe Defendants should also be enjoined from engaging in further acts and/or practices of unfair competition that result in further and/or continuing irreparable harm to Pacific Lock.

///
///
///
///
///
///
///
///

## RELIEF REQUESTED

**WHEREFORE**, Pacific Lock requests:

(i) Entry of judgment that the Eastern Company Defendants have directly infringed, induced the infringement and/or contributorily infringed the '557 Patent and awarding Pacific Lock an amount to be determined at trial;

(ii) Entry of judgment that the Doe Defendants have directly infringed the '557 Patent and awarding Pacific Lock an amount to be determined at trial;

(iii) Entry of preliminary and permanent injunctions enjoining the Eastern Company Defendants from directly infringing, inducing the infringement of and/or contributing to the infringement of the '557 Patent;

(iv) Entry of preliminary and permanent injunctions enjoining the Doe Defendants from directly infringing the '557 Patent;

(v) Entry of judgment against all Defendants awarding Pacific Lock treble damages for willful, knowing and deliberate infringement of the '557 Patent;

(vi) Entry of judgment that the Eastern Company Defendants have committed acts and/or practices of unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and ordering the Eastern Company Defendants to provide restitution and to disgorge all ill-gotten gains and profits received by the Eastern Company Defendants as a result of this misconduct in an amount to be determined at trial, and enjoining the Eastern Company Defendants from engaging in further acts and/or practices of unfair competition that result in further and/or continuing irreparable harm to Pacific Lock;

(vii) Entry of judgment that the Doe Defendants have committed acts and/or practices of unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and ordering the Doe Defendants to provide restitution and to disgorge all ill-gotten gains and profits received by the Doe Defendants as a result of this misconduct in an amount to be determined at trial, and enjoining the Doe Defendants from

engaging in further acts and/or practices of unfair competition that result in further and/or continuing irreparable harm to Pacific Lock;

      (viii)    Entry of judgment awarding Pacific Lock its cost and reasonable attorneys' fees incurred herein; and

      (ix)    Awarding such other and further relief as the Court may deem just or proper.

Dated: August 13, 2014                FOX ROTHSCHILD LLP

                                    By  /s/ James E. Doroshow
                                          James E. Doroshow
                                          Ashe P. Puri
                                          Attorneys for Plaintiff
                                          PACIFIC LOCK COMPANY

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all claims and issues triable by a jury.

Dated: August 13, 2014                FOX ROTHSCHILD LLP

                                  By   /s/ James E. Doroshow
                                      James E. Doroshow
                                      Ashe P. Puri
                                      Attorneys for Plaintiff
                                      PACIFIC LOCK COMPANY